UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KEVIN ALMONTE,                          :
    Plaintiff                       :
                                    :
    v.                              :     C.A. No.
                                    :
JMR Holding, LLC d/b/a Coutu Brothers   :
Movers,                                 :
    Defendant                       :

## COMPLAINT

### I. Introduction

This is an action brought by Plaintiff against the Defendant JMR Holding, LLC d/b/a Coutu

Brothers Movers ("JMR"), seeking damages arising out of the unlawful conduct of the Defendant

in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and the Rhode

Island Minimum Wage Act ("RIMWA"), R.I.G.L. §28-12-1, *et seq.*

### II. Parties

1.      The Plaintiff is a resident of the Town of North Providence, State of Rhode Island

and was an employee of the Defendant JMR within the meaning of the FLSA and the RIMWA.

2.      Defendant JMR Holding, LLC d/b/a/ Coutu Brothers Movers ("JMR") is a limited

liability company duly organized pursuant to the laws of the State of Rhode Island with its principal

place of business located at 2 Greco Lane, City of Warwick, State of Rhode Island.

### III. Jurisdiction

3.      This Court has jurisdiction over the Plaintiff's claims under the FLSA pursuant to

29 U.S.C. §216(b) and supplemental jurisdiction over the Plaintiff's claims under the RIMWA

pursuant to 28 U.S.C. §1367.

1

#### IV. <u>Venue</u>

4.    Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

#### V. <u>Material Facts</u>

5.    The Plaintiff was employed by JMR from January 2020 until June 22, 2022 for approximately 129 weeks.

6.    The Plaintiff was hired at $13.00/hour and his payrate incrementally increased to $18.00/hour.

7.    The Plaintiff would report to work at 7:00 a.m. and prepare the truck for the day before travelling to a job site but was not compensated until the time the customer completed paperwork upon arrival at the first job site.

8.    The Plaintiff was not compensated for the time it took to travel between job sites during the workday.

9.    Federal Regulation requires time spent by an employee in travel as part of his principal activity, such as travel from job site to job site, must be counted as hours worked. (29 CFR §785.38).

10.    As a result of the failure to compensate the Plaintiff for travel, as required by federal regulation, the Plaintiff worked approximately eighteen (18) hours of overtime each week for which he was not paid.

11.    The FLSA and the RIMWA require employers to pay their employees at a rate not less than one and one-half times (1½) their regular rate of pay for all hours worked in excess of forty (40) in any one workweek.  29 U.S.C. §207(a)(1); R.I.G.L. §28-12-4.1.

12. The FLSA and the RIMWA exempt certain "bona fide executive, administrative, or professional" employees from its minimum wage and overtime provisions. 29 U.S.C. §213(a)(1). The exempt and nonexempt status of any particular employee is determined on the basis of whether the employee's salary and duties meet the requirements of the U.S. Department of Labor wage and hour regulations. 29 C.F.R. §541, *et seq.*

13. The Plaintiff's job duties were not managerial in nature and he held no authority to hire or fire other employees. 29 C.F.R. §541.100(a).

14. The Plaintiff's primary duties were not of "such substantial importance to the management or operation of the business that [they] can be said to be 'directly related to management policies or general business operations[,]'" so as to satisfy the first prong of the duties test. 29 C.F.R. §541.205(c)(2).

15. The Plaintiff's primary job duties did not require the exercise of discretion and independent judgment, with respect to "decisions normally made by persons who formulate policy within their spheres of responsibility or who participate in this process or who exercise authority to commit the employer in a *substantial* respect, financial or otherwise," so as to satisfy the second prong of the duties test. 29 C.F.R. §541.207(d)(2)(emphasis added).

16. Despite the fact that the Plaintiff was a non-exempt employee, Defendant JMR failed to pay the Plaintiff overtime premiums on numerous workweeks as required by the FLSA and the RIMWA.

17. As stated above, the Plaintiff was regularly required to work in excess of forty (40) hours per week at Defendant JMR.

18. Defendant JMR was required to compensate the Plaintiff at a rate not less than one

and one-half (1 ½) times his regular rate of pay for each hour worked in excess of forty (40) in a given week.

19. Beginning in or about January, 2020 and until June 22, 2022, Defendant JMR failed and/or refused to compensate the Plaintiff at a rate not less than one and one-half (1 ½) times his regular rate of pay for each hour worked in excess of forty (40) in a given week.

20. As a proximate result of the Defendant JMR's unlawful employment practices, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer loss of income, including past and future salary and other harm.

### VI.    Claims for Relief

21. The Plaintiff incorporates the allegations contained in ¶¶1 through 20 above in the counts set forth below.

### Count One
### Violation of FLSA—29 U.S.C. §207

22. Defendant JMR, by its acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing or refusing to pay the Plaintiff overtime compensation for work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b) and/or other applicable law.

### Count Two
### Violation of RIMWA, R.I.G.L. §28-12-1, *et seq.*

23. Defendant JMR, by its acts and/or omissions, including, but not limited to, those described herein, violated the RIMWA by failing or refusing to pay the Plaintiff for overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby

causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-14-19.2 and/or other applicable law.

## VII.  **Prayers for Relief**

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1.    a declaratory judgment that Defendant JMR, in the manner described herein, violated the Fair Labor Standards Act 29 U.S.C. §201, *et seq.* and the Rhode Island Minimum Wage Act R.I.G.L. §28-12-1, *et seq.*

2.    enjoining and permanently restraining Defendant JMR from violating the Fair Labor Standards Act 29 U.S.C. §201, *et seq.* and the Rhode Island Minimum Wage Act R.I.G.L. §28-12-1, *et seq.*

3.    award the Plaintiff back pay, including incremental increases, and other benefits, plus prejudgment interest thereon;

4.    award the Plaintiff liquidated damages pursuant to 29 U.S.C. §2617(a)(1), 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2(a);

5.    award the Plaintiff prejudgment interest;

6.    award the Plaintiff reasonable attorney's fees and costs of litigation; and,

7.    such other and further relief as the Court deems just and proper.

## VIII.  **Demand for Jury Trial**

The Plaintiff hereby demands a trial by jury on all counts so triable.

## IX.  **Designation of Trail Counsel**

The Plaintiff hereby designates V. Edward Formisano, Esquire as trial counsel.

PLAINTIFF,
By his attorneys,
FORMISANO & COMPANY, P.C.


/s/ V. Edward Formisano
V. Edward Formisano (#5512)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)
edf@formisanoandcompany.com


## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 20th day of June, 2023 and is available for viewing and downloading from the ECF system.


/s/ V. Edward Formisano